IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RICHARD A. JANOV,**<br><br>            Plaintiff,<br><br>v.<br><br>**JO ANNE B. BARNHART,**<br>**Commissioner of Social Security,**<br><br>            Defendant. | **ORDER DENYING ATTORNEY'S FEES**<br><br>Case No. 2:04CV01067DAK |

   This matter is before the court on Plaintiff's "Petition for EAJA Attorney Fees." The Defendant has filed a memorandum opposing Plaintiff's requests for fees on the grounds that her position was substantially justified. Alternatively, if the court finds that Plaintiff is entitled to an award of attorney fees, Defendant argues that the court should reduce the award suggested by Plaintiff because the number of hours claimed for legal clerk time is excessive. The court concludes that oral argument would not materially aid the court's determination of the issue before it. The court has carefully reviewed the memoranda filed in conjunction with the above petition, as well as the facts and law relevant to the application.

   Plaintiff is seeking attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an

award unjust." *Id.*

The United States Supreme Court has defined "substantially justified" to mean that the position taken by the government was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The court stated that this definition is the same as that adopted by the Ninth Circuit, which looks to a reasonable basis both in law and fact." *Id.* The government's "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.* for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2.

In the social security context, the substantial justification standard under the EAJA is not the same as the substantial evidence standard under the Social Security Act, 42 U.S.C. § 405(g). This "would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). "[T]he reversal of an agency for lack of substantial evidence does not raise a presumption that the agency was not substantially justified." *Pullen v. Bowen*, 820 F.2d 105, 108 (4th Cir. 1987). "[T]he government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record." *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991).

In this case, Defendant took the position that a Psychiatric Review Technique Form (PRTF) was not required because the decision of the Administrative Law Judge (ALJ) set forth the degree of functional limitations imposed by the mental impairment and the evidence supporting these findings pursuant to federal regulations. *See* 20 C.F.R. § 1520a(e). Defendant further took the position that the ALJ's decision to give the opinions of Dr. Walker and Dr.

Gummow little or no weight was reliable because both the doctors' findings and the claimant's own statements of limitations were in conflict with the doctors' recommendations.  In addition, Defendant decided not to consider the functional limitations from Plaintiff's obesity because the record neither indicated that obesity was at issue nor showed a significant increase in weight gain that would represent that Plaintiff's obesity was worsening.  With regards to Plaintiff's residual functional capacity, Defendant relied on the ALJ's determination that the jobs identified by the vocational expert were consistent with Plaintiff's residual functional capacity and vocational profile.  Finally, Defendant relied on the ALJ's finding that Plaintiff's claims of disabling pain were not credible because the nature of treatment and type of medication used for pain relief were relevant factors in discrediting the intensity of Plaintiff's supposed symptoms.

While this court has ruled that Plaintiff's case should be remanded for further proceedings in a *de novo* administrative hearing, such a ruling does not automatically determine that Defendant's arguments were unreasonable.  *See Hadden*, 851 F.2d at 1269; *Pullen*, 820 F.2d at 108.  Defendant's positions and decisions were founded on an arguably defensible administrative record.  Furthermore, Defendant's arguments applied relevant legal standards.  Since the government's positions on these issues were reasonable in both fact and law, the court finds that Defendant's position in this case was substantially justified.  Accordingly, Plaintiff's petition for attorney's fees under the EAJA is DENIED.

DATED this 17th day of July, 2006.

BY THE COURT

_____
Dale A. Kimball,
United States District Judge